Ikuta, Circuit Judge, concurring in the judgment: Zhao’s only claim on appeal is that the IJ erred in denying her request for withholding of removal under the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(b)(3). But Zhao is not eligible for such relief, and we should deny her petition without reaching the merits of her claims. Under § 1158(d)(6), “[i]f the Attorney General determines that an alien has knowingly made a frivolous application for asylum” and the alien has received timely notice “of the privilege of being represented by counsel and of the consequences ... of knowingly filing a frivolous application for asylum,” id. § 1158(d)(4), then “the alien shall be permanently ineligible for any benefits under this chapter [Chapter 12 of Title 8, §§ 1101-1537], effective as of the date of a final determination on such application,” id. § 1158(d)(6) (emphasis added). The term “benefits” is not defined in the INA, so we consider the dictionary definition of the term: “something that guards, aids or promotes well-being.” Webster’s Third New International Dictionary 1560 (2002). A determination that a deportable alien may not be removed to a specified country because “the alien’s life or freedom would be threatened in that country,” 8 U.S.C. § 1231(b)(3)(A), constitutes a “benefit” under this definition. Indeed, even the BIA has acknowledged that withholding of removal constitutes a “benefit” under the INA, see Matter of Y-L-, 24 I. & N. Dec. 151, 155 (BIA 2007) (stating that filing a frivolous application makes an alien ineligible “for any benefits under the Immigration and Nationality Act except for withholding of removal.”).[1] Because this “benefit” is in Chapter 12 of the United States Code, an alien is “permanently ineligible” for withholding of removal after filing a frivolous asylum application. Here, there is no dispute that Zhao filed a frivolous application for asylum after receiving a timely notice as required under § 1158(d)(4). Therefore, she is “permanently ineligible for any benefits” under the INA, including withholding under § 1231(b). In reaching the merits of Zhao’s withholding claim, the BIA applied an immigration regulation that states that “a finding that an alien filed a frivolous asylum application shall not preclude the alien from seeking withholding of removal.” 8 C.F.R. § 1208.20; see Matter of Y-L-, 24 I. & N. Dec. at 155. If this regulation referred to withholding of removal as set forth in § 1231(b)(3), it would be contrary to the plain language of § 1158(d)(6) and not entitled to deference. See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 843-44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). But a better interpretation is to read “withholding of removal” in § 1208.20 as referring to withholding of removal under the Convention Against Torture (CAT), 8 C.F.R. § 1208.16(d)(2). The history of § 1208.20 supports this interpretation. Before 1999, the predecessor to § 1208.20 focused on the definition of a frivolous asylum application and did not address withholding of removal. See id. § 208.18 (1999). In 1999, the Department of Justice (DOJ) promulgated new regulations to implement the Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. No. 105-277, 112 Stat. 2681, which required the DOJ to align U.S. immigration law with CAT’s requirements. As part of this project, the DOJ added the current language addressing withholding of removal. See 8 C.F.R. § 208.19 (2000). This language incorporates U.S. obligations under CAT by enabling applicants who have filed frivolous asylum applications to seek withholding of removal under CAT. Because this reading of the regulation makes sense and does not conflict with § 1158(d)(6), the BIA erred in applying the regulation to withholding under § 1232(b). Given that “the proper role of the judiciary” is “to apply, not amend, the work of the People’s representatives,” Henson v. Santander Consumer USA Inc., — U.S. —, 137 S.Ct. 1718, 1726, 198 L.Ed.2d 177 (2017), we should interpret the plain language of § 1158(d)(6) as precluding a grant of withholding under § 1232(b) to an alien who has filed a frivolous application. Because Zhao filed a frivolous asylum application here, we are barred from granting Zhao’s claim for withholding of removal. I would therefore deny Zhao’s petition for review without reaching the merits. . At oral argument, counsel for the government argued that withholding of removal under the INA is not a ‘‘benefit,” but a ''protection.” Given counsel’s concession that, the government has not offered this interpretation in any regulation or guidance document, it deserves no weight. Moreover, because a "protection” is likewise a “benefit” under the INA, counsel's proffer of the word "protection” to describe withholding of removal does not persuasively explain how withholding is exempt from the frivolous application bar.